IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-0847-FL

RONALD HUGH HUTTON,

    Plaintiff,

v.

U.S. DEARTMENT OF VETERANS AFFAIRS,

    Defendant.

**ORDER and MEMORANDUM AND RECOMMENDATION**

Ronald Hugh Hutton, a *pro se* plaintiff, request from the court leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 1). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A)- (B).

### Order on Motion to Proceed *In Forma Pauperis*

Hutton's Affidavit demonstrated that he is unable to prepay the required fees and costs to maintain this action. His motion to proceed *in form pauperis* is GRANTED.

### Memorandum and Recommendation on Frivolity Review

**I. Background**

Hutton initiated this action by filing a two-page Complaint challenging the Department of Veterans Affairs' (VA) 1988 finding that he is a disabled veteran. Hutton contends that this classification is no longer valid because he is now able to work. He seeks $20.01 in damages and an injunction that would require the VA to no longer classify him as a disabled veteran. He maintains that this court has jurisdiction over his claims under the Universal Declaration of Human Rights as well as the Seventh and Twenty-Third Amendments.

Hutton's Complaint references an earlier action in this court in which he raised similar issues and sought similar relief.[1] *See Hutton v. U.S. Dep't of Veterans' Affairs*, No. 5:13-CV-417-FL, 2014 WL 2112673 (E.D.N.C. Apr. 4, 2013) (*Hutton I*), *Mem & Recom. adopted*, 2014 WL 2112668 (E.D.N.C. May 20, 2014), *aff'd*, 528 Fed. App'x 244 (4th Cir. Sept. 2, 2104). In *Hutton I*, the court determined that it lacked subject matter jurisdiction over Hutton's claim because he failed to follow the procedures set out in the Veterans' Judicial Review Act of 1988 (VJRA) for challenging the VA's decision on such issues. *Id.* 2014 WL 2112673 at *2.

**II. Legal Standard**s

The court's authority to allow a party to proceed without prepayment of costs comes with the responsibility to ensure that this exemption is not taken advantage of by litigants. The law requires that the court dismiss a case brought *in forma pauperis* if it determines at any time that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

As part of the frivolity review, the court should consider whether it has subject matter jurisdiction over the controversy before it. S*ee Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"); *Cornelius v. Howell,* No. 3:06-3387-MBS-BM, 2007 WL 397449, at *2-4 (D.S.C. Jan. 8, 2007) (discussing the lack of diversity jurisdiction during frivolity review as a basis for dismissal). If the court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3).

---

[1] It appears that Hutton has also unsuccessfully pursued this claim in the United States District Court for the Middle District of North Carolina. *Hutton v. U.S. Dep't of Veterans Affairs*, No. 1:12-cv-190, 2013 WL 1331191 (M.D.N.C. Mar. 29, 2013). The Middle District action was dismissed, like *Hutton I*, due to lack of subject matter jurisdiction. *Id.* 2013 WL 1331191, at *3.

**III. Discussion**

After a thorough review of the Complaint, the court concludes that it does not have subject matter jurisdiction over Hutton's claim. The essence of Hutton's Complaint is a request that the court review the VA's determination that he suffers from a mental disability. Compl. at 1. In *Hutton I*, Magistrate Judge Gates outlined the impediments to this court considering such a request:

> The Veterans' Judicial Review Act of 1988 ("VJRA") provides the exclusive process by which veterans may adjudicate claims relating to veterans' benefits. Specifically, appeals of benefits decisions made by the VA Secretary lie with the Board of Veterans' Appeals ("BVA"). Thereafter, "[t]he BVA decision may be appealed by the claimant to the [Court of Appeals for Veterans Claims], . . . and then, under certain circumstances, to the United States Court of Appeals for the Federal Circuit. The decisions of the Federal Circuit are subject to review only by the United States Supreme Court upon certiorari. Accordingly, federal district courts have no jurisdiction to review a VA benefits decision.

*Hutton I*, 2014 WL 2112673, at *2 (citations omitted). Because this court lacks subject matter jurisdiction over Hutton's claim, the Complaint must be dismissed.

**IV. Conclusion**

For the foregoing reasons, it is RECOMMENDED that this action be DISMISSED as frivolous.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until January 2, 2015, or such other time as the court directs, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a *de novo* review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

Dated: December 15, 2014.

                                                <u>Robert T. Numbers, II</u>
                                                ROBERT T. NUMBERS, II
                                                UNITED STATES MAGISTRATE JUDGE